UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY D. SNYDER,

                    Petitioner,

v.                                                   CASE NO. 09-13773
                                                     HONORABLE VICTORIA A. ROBERTS
BLAINE LAFLER,

                    Respondent.

_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING THE HABEAS PETITION WITH PREJUDICE, AND DENYING A CERTIFICATE OF APPEALABILITY

This matter is pending before the Court on petitioner Gregory D. Snyder's *pro se* habeas corpus petition under 28 U.S.C. § 2254, and respondent Blaine Lafler's motion to dismiss the petition for failure to exhaust state remedies.  Because none of Petitioner's claims warrants habeas corpus relief, the Court opts to address the substantive merits of the claims and to dismiss the petition with prejudice, rather than dismissing the petition without prejudice on exhaustion grounds.

### I.  Background

**A.  The Charges and Plea**

Petitioner was charged in Genesee County, Michigan with first-degree murder, felon in possession of a firearm, and possession of a firearm during the commission of a felony (felony firearm).  The prosecutor amended the first-degree murder count to second-degree murder, and on January 29, 2007, Petitioner pleaded guilty in Genesee

County Circuit Court to second-degree murder, Mich. Comp. Laws § 750.317, felon in possession of a firearm, Mich. Comp. Laws § 750.224f, and felony firearm, Mich. Comp. Laws § 750.227b.  In exchange for the guilty plea, the prosecutor agreed not to object to the scoring of the sentencing guidelines and not to charge Petitioner either as a habitual offender or for obstruction of justice and tampering with witnesses.  There was no sentencing agreement.

On April 19, 2007, the trial court sentenced Petitioner to prison for thirty-one to fifty years on the murder conviction, and to a concurrent term of two to five years for the felon-in-possession conviction.  Petitioner received a consecutive term of two years in prison for the felony firearm conviction.

**B.  The Appeal**

Petitioner raised two claims through counsel in an application for leave to appeal in the Michigan Court of Appeals:

> I.    Did the trial court abuse its discretion in failing to strike the objected-to information from the presentence report, requiring that this matter be remanded for correction of the presentence report?
>
> II.   Were the statutory sentencing guidelines, specifically OV10 and OV19, incorrectly scored, thereby requiring a remand to the trial court for resentencing?

The Michigan Court of Appeals denied leave to appeal for lack of merit in the grounds presented.  *See People v. Snyder*, No. 283720 (Mich. Ct. App. Mar. 31, 2008).

Petitioner raised the same two issues and the following new issues in a *pro se* application for leave to appeal in the Michigan Supreme Court:

> III.  Was the appellant denied due process of law, where the Michigan Court of Appeals rendered an order for "lack of

2

merit" within the eighty four (84) day period to file a
supplemental "standard 4" brief, thereby denying this
appellant the opportunity to file a supplemental brief for
appellate review?

IV.     Was appellant "denied" due process of law and the
constitutional right to effective assistance of counsel at a
critical stage by trial counsel of record [who] breached his
fiduciary obligation and duty to his client by acting under a
conflict of interest?

V.      Was the evidence presented at defendant-appellant's plea
hearing insufficient to convict him of murder-second degree?

VI.     Is "actual prejudice" and ineffective appellate advocacy
<u>evidenced</u> where appellate counsel . . . failed to address the
court's "constitutionally infirm" charging document, improper
service, & improper service of process, all issues arising
under Fed. R. Civ. Proc., Rule(s)(9)(a), 12(b), and 19?

The Michigan Supreme Court denied leave to appeal on September 9, 2008.  *See*

*People v. Snyder*, 482 Mich. 975; 754 N.W.2d 875 (2008).

**C.  The Habeas Petition, Motion to Dismiss, and Reply**

Petitioner filed his habeas corpus petition on September 24, 2009.  In his

supporting brief, he raises the six issues that he presented to the Michigan Supreme

Court.

Respondent urges the Court to dismiss the habeas petition on the ground that

Petitioner did not exhaust state remedies for claims three through six by raising those

claims in the Michigan Court of Appeals.  Petitioner argues in reply that the Court

should either stay his petition and allow him to pursue additional state remedies for his

unexhausted claims, or dismiss his unexhausted claims and rule on his exhausted

claims.

The Court finds that Petitioner's claims lack substantive merit; it would be a

3

waste of time and judicial resources to permit Petitioner to return to state court and

exhaust additional state remedies.  Accordingly, the Court will proceed to address all of

Petitioner's claims, using the following standard of review.

## II.  Standard of Review

State prisoners are entitled to the writ of habeas corpus only if the state court's

adjudication of their claims on the merits

> (1)     resulted in a decision that was contrary to, or involved an
>         unreasonable application of, clearly established Federal law,
>         as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable
>         determination of the facts in light of the evidence presented
>         in the State court proceedings.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law if the state

court arrives at a conclusion opposite to that reached by the Supreme Court on a

question of law or if the state court decides a case differently than the Supreme Court

has on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 405-

06 (2000).  An "unreasonable application" occurs when "a state-court decision

unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case."

*Id.* at 409.

"[A] federal habeas court may not issue the writ simply because that court

concludes in its independent judgment that the relevant state-court decision applied

clearly established federal law erroneously or incorrectly.  Rather, that application must

also be unreasonable."  *Id.* at 411.  And "where factual findings are challenged, the

habeas petitioner has the burden of rebutting, by clear and convincing evidence, the

4

presumption that the state court's factual findings are correct." *Goodwin v. Johnson*, __

F.3d __, __, Nos. 06-3571 and 06-3572, 2011 WL 184536, at *5 (6th Cir. Jan. 21, 2001)

(citing 28 U.S.C. § 2254(e)(1) and *Landrum v. Mitchell*, 625 F.3d 905, 914 (6th Cir.

2010)).

 The Michigan Court of Appeals and the Michigan Supreme Court rejected

Petitioner's claims by denying leave to appeal in one-sentence orders. The Court of

Appeals denied leave to appeal Petitioner's first two claims "for lack of merit in the

grounds presented." The Michigan Supreme Court denied leave to appeal all six claims

because it was not persuaded to review the issues.

 Similar orders were entered in a state prisoner's case that was reviewed by the

United States Court of Appeals for the Sixth Circuit last year. *See Dorn v. Lafler*, 601

F.3d 439, 442 (6th Cir. 2010). When addressing the appropriate standard for reviewing

such orders on habeas corpus review, the Sixth Circuit Court of Appeals stated that,

> [b]ecause the state court may have various reasons for denying an
> application for leave to appeal "for lack of merit in the grounds presented,"
> and we cannot discern from that language alone whether that decision
> was based on the merits of the case, we cannot conclude that it was an
> "adjudication on the merits" pursuant to 28 U.S.C. § 2254(d). Accordingly,
> de novo review is appropriate.

*Id.* at 443.

 Recently, the United States Supreme Court ruled that section "2254(d) does not

require a state court to give reasons before its decision can be deemed to have been

'adjudicated on the merits.'" *Harrington v. Richter*, __ S. Ct. __, __, No. 09-587, 2011

WL 148587, at *11 (U.S. Jan. 19, 2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652,

664 (2004)). The Supreme Court went on to say that,

5

[w]hen a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary.

The presumption may be overcome when there is reason to think some other explanation for the state court's decision is more likely.

*Id.* at *9 - 10 (internal citation omitted).

The Michigan Court of Appeals and Michigan Supreme Court did not state that they were relying on any procedural errors in Petitioner's case. Thus, there is no reason to believe that the state appellate courts did not adjudicate Petitioner's claims on the merits. The Court therefore presumes that the state court decisions in Petitioner's case were adjudications on the merits and are entitled to deference.

### III. Discussion

**A. The Presentence Report**

Petitioner alleges that his presentence report contains inaccurate information which the trial court should have struck from the report. Petitioner has not described the inaccurate information, but he maintained at sentencing that the presentence report falsely attributed to him a demeaning comment about the victim. The trial court stated that, while it could not change the language used in the report, it would write on the report that Petitioner denied making the insulting words. (Tr. Apr. 19, 2007, at 16-17.) Petitioner contends, on the basis of state law, that he is entitled to have the report amended to delete the inaccurate information and to have the amended report forwarded to the Michigan Department of Corrections.

This claim raises only a question of state law, and "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."

6

*Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). When "conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id.* at 68. "[T]he mere presence of hearsay or inaccurate information in a [presentence report] does not constitute a denial of due process." *Hili v. Sciarrotta*, 140 F.3d 210, 216 (2d Cir. 1998). Petitioner therefore has no right to habeas relief on the basis of his first claim.

**B. The Sentencing Guidelines**

Petitioner alleges next that the trial court incorrectly scored offense variables 10 and 19 of the Michigan sentencing guidelines. Petitioner claims that there was no predatory conduct to justify a score of fifteen points for offense variable 10 and no attempt to undermine the judicial process to justify a score of fifteen points for offense variable 19.

This claim also raises a question of state law. *See Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) (explaining that "a state court's alleged misinterpretation of state sentencing guidelines . . . is a matter of state concern only"). While it is true that Petitioner was entitled to be sentenced on the basis of accurate information, a sentence violates due process only if the trial court relied on "extensively and materially false" information, which the defendant had no opportunity to correct through counsel. *Townsend v. Burke*, 334 U.S. 736, 741 (1948). Petitioner was afforded an opportunity at sentencing to argue through counsel that the offense variables in question should be scored differently. The trial court's rejection of his arguments was objectively reasonable, as explained below.

**1. Offense Variable 10**

7

Offense variable 10 pertains to exploitation of a vulnerable victim.  *See* Mich. Comp. Laws § 777.40.  Fifteen points may be scored where predatory conduct was involved.  Mich. Comp. Laws § 777.40(1)(a).

The prosecutor stated at Petitioner's sentencing that, for the three months prior to the crime, Petitioner had harassed the victim.  When the victim walked down the street, Petitioner would threaten to "take him out" and would tell him to get off the street. According to the prosecutor, Petitioner also informed the victim's father on three occasions that he was going to take out his son, and he waited for the appropriate opportunity and then shot the victim like an animal from the cover of his house.  (Tr. Apr. 19, 2007, at 18.)

The trial court acknowledged that there was some kind of history between Petitioner and the victim before the crime occurred.  The court stated that the victim's brother had mentioned that the victim was afraid to walk down the street because of Petitioner's threatening remarks.  The trial court concluded that the threats culminated in the shooting and, therefore, offense variable 10 was properly scored at fifteen points for predatory conduct.  (*Id.* at 19.)

### 2.  Offense Variable 19

Offense variable 19 measures threats to the security of a penal institution or a court or interference with the administration of justice or the rendering of emergency services.  Mich. Comp. Laws § 777.49.  A score of fifteen points is appropriate if the offender used force or the threat of force to interfere with the administration of justice or the rendering of emergency services.  Mich. Comp. Laws § 777.49(b).

The prosecutor stated at sentencing that, after the crime, Petitioner made

8

repeated attempts to hire people in the county jail to threaten, silence, or kill the witness who testified against him at the preliminary examination. Defense counsel responded to this argument by asserting that offense variable 19 should not be scored on the basis of conduct which occurred after the crime. The trial court rejected defense counsel's argument because one of the terms of the plea agreement was that Petitioner would not be charged for obstruction of justice. The court reasoned that the plea agreement justified consideration of Petitioner's conduct after the crime. (Tr. Apr. 19, 2007, at 20-26.)

### 3. Conclusion

The record indicates that the trial court did not rely on "extensively and materially false" information, which Petitioner had no opportunity to correct through counsel. Therefore, to the extent that Petitioner alleges a constitutional claim, he is not entitled to habeas corpus relief on the basis of the scoring of the sentencing guidelines.

## C.  The Alleged Denial of Access to the Courts

Petitioner alleges that the Michigan Court of Appeals deprived him of due process of law and his right of access to the courts by issuing its decision before he could file a *pro se* supplemental brief. Prisoners have a constitutional right of access to the courts, *Bounds v. Smith*, 430 U.S. 817, 821 (1977), and the right extends to direct appeals, *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir.1999). Petitioner, however, was represented by counsel on direct appeal, and his attorney raised Petitioner's first two habeas claims in a timely application for leave to appeal. Thus, Petitioner was not deprived of his right of access to the courts.

9

Furthermore, the essence of Petitioner's claim is that state court violated its own procedural rules on the filing of *pro se* supplemental briefs. Whether or not the Michigan Court of Appeals complied with the procedural requirements of Michigan law

> is not a matter for this court to decide on a petition for habeas corpus relief. *Bell v. Arn*, 536 F.2d 123 (6th Cir. 1976). The federal habeas court does not act as an additional state appellate court to review a state court's interpretation of its own law or procedure. *Combs v. Tennessee*, 530 F.2d 695 (6th Cir.), *cert. denied*, 425 U.S. 954, 96 S. Ct. 1731, 48 L. Ed. 2d 198 (1976).

*Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987).

Finally, Petitioner failed to prove prejudice stemming from the alleged denial of access to the courts. To prevail on his claim, he is required to show "actual injury," such as the dismissal of an otherwise meritorious claim. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Lewis v. Casey*, 518 U.S. 343 (1996)).

Petitioner apparently sought to raise habeas claims four through six in his *pro se* supplemental brief in the Michigan Court of Appeals. These claims are not meritorious. Petitioner therefore failed to show the requisite prejudice from the alleged constitutional error.

**D. Trial Counsel**

The fourth habeas claim alleges ineffective assistance of trial counsel. Petitioner claims that his trial attorney breached his duty of loyalty and abandoned him at a critical stage of the proceedings.

**1. Clearly Established Federal Law**

To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must demonstrate "that counsel's performance was deficient" and "that the deficient

10

performance prejudiced the defense." *Strickland v. Washington,* 466 U.S. 668, 687 (1984). "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington,* 2011 WL 148587, at *13 (internal and end citations omitted).

In guilty plea cases, the "performance" prong requires showing that defense counsel's representation fell below an objective standard of reasonableness or was outside the range of competence demanded of attorneys in criminal cases. *Hill v. Lockhart*, 474 U.S. 52, 56-59 (1985). The "prejudice" prong "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id.* at 59. The petitioner must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

Petitioner has not alleged that, but for his attorney's ineffectiveness, he would not have pleaded guilty and would have insisted on going to trial. His "failure to make that showing forecloses relief under [28 U.S.C. § 2254]." *Premo v. Moore*, __ S. Ct. __, __, No. 09-658, 2011 WL 148253, at *10 (U.S. Jan. 19, 2011). Petitioner's claim lacks merit for the following additional reasons.

### 2. The Facts

Petitioner alleges that his trial attorney abandoned him and breached his fiduciary duty to him by asserting that there was no side deal and by questioning him about the factual basis for his plea. The first part of this claim arose when the trial court questioned Petitioner about the terms of the plea bargain. The court asked Petitioner whether there was a side deal that had not been disclosed. Petitioner apparently

11

looked at his attorney and then asked, "How do you want me to answer that one?"  His

attorney answered,

> There's no side deal.  We talked, we talked with [the prosecutor]
> here at side bar, and he told you and I told you that there's no --

Petitioner interrupted his attorney and said, "Okay, then no."  He subsequently

reassured the trial court that there was nothing else inducing him to plead guilty.  (Tr.

Jan. 29, 2007, at 26-27.)

The second part of Petitioner's claim arose when the trial court attempted to

establish a factual basis for Petitioner's plea.  The court asked Petitioner whether he

killed the victim on April 9, 2006.  Petitioner responded, "Yes, by accident."  (*Id.* at 29.)

The trial court replied that it could not let Petitioner plead guilty if he was going to say it

was an accident.  Defense counsel then offered to ask Petitioner a few questions to

clarify, and the trial court permitted the attorney to proceed.  The subsequent colloquy

between Petitioner and his attorney established that –

- • Petitioner was armed with a .22 rifle on the date in question;

- • he saw the victim from about 200 feet away and then took his rifle and attempted to shoot at him in order to scare him; in the process, he shot the victim;

- • he knew when he fired at the victim that, if he hit him with a bullet, he could kill him or cause great bodily harm;

- • he also knew that, any time he shot a gun in the direction of someone, he was creating a high risk of killing or hurting the person badly; and

- • he intentionally pulled the trigger and shot in the victim's direction, knowing that he was creating a high risk of death or great bodily harm.

Petitioner admitted in response to a question from the prosecutor that the victim

died as a result of the bullet that was fired from the gun which Petitioner pointed in his

12

direction.  (Tr. Jan. 29, 2007, at 29-31.)  Defense counsel and the prosecutor agreed

that Petitioner's answers to their questions established a factual basis for second-

degree murder.  (*Id.* at 31.)

### 3. Analysis

Defense counsel was not ineffective for helping Petitioner establish a factual

basis for second-degree murder, or for stating there were no side deals, because

Petitioner received significant benefits from pleading guilty to second-degree murder.

> "The statutory difference in the penalties provided for first-degree murder
> and second-degree murder are great.  A person convicted of first-degree
> murder must be sentenced to life imprisonment and is not eligible for
> parole.  A person convicted of second-degree murder may be sentenced
> to life imprisonment or for any term of years up to life, but that sentence is
> not mandatory.  A person convicted of second-degree murder may be
> paroled. MCLA 791.234; MSA 28.2304."

*People v. Fernandez*, 143 Mich. App. 388, 393; 372 N.W.2d 567, 570 (1985) (quoting

*People v. Jenkins*, 395 Mich. 440, 442; 236 N.W.2d 503, 504 (1975)).  By

acknowledging his guilt, Petitioner eliminated the possibility of being sentenced to life in

prison without the possibility of parole.  He also avoided being charged as a habitual

offender and for obstruction of justice or tampering with a witness.

Petitioner failed to show that his attorney's performance fell below an objective

standard of reasonableness or was outside the range of competence demanded of

attorneys in criminal cases.  Petitioner also has failed to show prejudice, because there

was a sufficient factual basis for his plea and there were no undisclosed deals.  His

ineffective-assistance-of-counsel claim lacks merit.

### E.  The Factual Basis for Petitioner's Plea

Petitioner alleges that the statement of facts which he provided at his plea

13

hearing was insufficient to establish his guilt on the murder count. Petitioner claims that the facts established the unintentional crime of involuntary manslaughter, not the specific-intent crime of second-degree murder.

This argument lacks merit for two reasons. In the first place, "second-degree murder is not a 'specific intent' crime." *People v. Fernandez*, 143 Mich. App. at 392; 372 N.W.2d at 570; *see also People v. Goecke*, 457 Mich. 442, 466; 579 N.W.2d 868, 879 (1998) (stating that "[t]he mens rea for second-degree murder does not mandate a finding of specific intent to harm or kill"). Consequently, Petitioner was not required to establish that he possessed the specific intent to harm or kill his victim.

Secondly, "[a] plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." *United States v. Broce*, 488 U.S. 563, 569 (1989). An express admission of guilt "is not a constitutional requisite to the imposition of criminal penalty. An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime." *North Carolina v. Alford*, 400 U.S. 25, 37 (1970). In other words, "[t]he requirement that a sentencing court must satisfy itself that a sufficient factual basis supports the guilty plea is not a requirement of the Constitution, but rather a requirement created by rules and statutes." *United States v. Tunning*, 69 F.3d 107, 111 (6th Cir. 1995) (citing *Higgason v. Clark*, 984 F.2d 203, 208 (7th Cir. 1993)). Therefore,

> when the judgment of conviction upon a guilty plea has become final and
> the offender seeks to reopen the proceeding, the inquiry is ordinarily
> confined to whether the underlying plea was both counseled and

14

voluntary.  If the answer is in the affirmative then the conviction and the
plea, as a general rule, foreclose the collateral attack.

*Broce*, 488 U.S. at 569.

Petitioner was represented by counsel at his plea, and he claimed that it was his choice to plead guilty.  Consequently, he is not entitled to the writ of habeas corpus on the ground that the factual basis for his plea was insufficient.

### F.  Appellate Counsel

The sixth and final habeas claim alleges that Petitioner's appellate attorney was ineffective for failing to challenge the charging document and for failing to object to the improper service of process.  This claim lacks merit because Petitioner waived his right to challenge irregularities in the charging document and state procedures when he pleaded guilty.  *See United States v. Ormsby*, 252 F.3d 844, 848 (6th Cir. 2001) ("A voluntary and unconditional guilty plea waives all non-jurisdictional defects in the proceedings.").

Although Petitioner alleges that the trial court lacked jurisdiction to proceed with his case, the basis for this argument is that the trial court sentenced him to imprisonment, as opposed to a fine.  The murder and felony firearm statutes require a sentence of imprisonment upon conviction.  *See* Mich. Comp. Laws §§ 750.317 and 750.227b.  A fine was an option for the felon-in-possession crime, Mich. Comp. Laws § 750.224f(3), but the trial did not lack jurisdiction simply because it chose to sentence Petitioner to a term of imprisonment, as opposed to a fine.

Appellate counsel therefore was not ineffective for failing to challenge the trial court's jurisdiction or the charging document and the allegedly improper service of

15

documents.  "[A]ppellate counsel cannot be ineffective for a failure to raise an issue that lacks merit."  *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001).

## IV.  Conclusion

The state courts' rejection of Petitioner's claims did not result in decisions that were contrary to, or an unreasonable application of, Supreme Court precedent or an unreasonable determination of the facts.  Accordingly, Respondent's motion to dismiss the habeas petition [Dkt. #8] is **GRANTED**, and the petition for writ of habeas corpus [Dkt. #1] is **DISMISSED** with prejudice

The Court declines to grant a certificate of appealability because reasonable jurists would not disagree with the Court's resolution of Petitioner's claims, nor conclude that the issues presented deserve encouragement to proceed further.  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  Petitioner nevertheless may proceed *in forma pauperis* on appeal without further authorization because he was permitted to proceed *in forma pauperis* in the District Court.  Fed. R. App. P. 24(a)(3).

**IT IS ORDERED.**

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  January 27, 2011

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on January 27, 2011.

s/Linda Vertriest
Deputy Clerk

16